UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOELYN DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:07-0595 |
| | ) Judge Echols |
| SUMNER REGIONAL HEALTH | ) |
| SYSTEMS, INC., d/b/a SUMNER | ) |
| REGIONAL MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

This is an action brought by Plaintiff Joelyn Day ("Day") alleging discrimination under the Americans With Disabilities Act ("ADA") by Defendant Sumner Regional Health Systems, Inc. d/b/a Sumner Regional Medical Center ("SRMC"). Day claims SRMC violated the ADA when it refused to allow her service animal to accompany her into an emergency room for treatment. SRMC has filed a Motion to Dismiss (Docket Entry No. 8), to which Day has responded in opposition (Docket Entry No. 11), and SRMC has replied (Docket Entry No. 14).

## I. FACTS

For present purposes, the facts set forth in the Amended Complaint must be accepted as true. Those facts are as follows.

Day is blind, has a mobility disability, and a seizure disorder. Day alleges that each of these is a disability which substantially limits one or more major life activities. Because of her conditions, Day uses a service dog to assist her.

1

On July 26, 2006, Day visited the Emergency Department at SRMC, accompanied by her service dog. Employees of SRMC refused to allow Day's service animal to accompany her into the emergency room for treatment and instead Day was treated in the lobby of the Emergency Department.

Day's service dog has passed away. She is in the process of obtaining a new service animal.

Day alleges that the current policy of the SRMC is to restrict service animals from the Emergency Department and to require a clean bill of health for service animals to enter unrestricted areas of the hospital. However, Day claims that prior to July 2006, she visited the Emergency Department at SRMC on numerous occasions and her service dog was permitted to accompany her into the treatment rooms in SRMC's Emergency Department. Day claims that as a result of her treatment on July 26, 2006, she has not returned to the SRMC's Emergency Department and is fearful of returning with a service animal.

For its part, SRMC claims that its policy complies with the ADA and that a hospital is permitted to impose restrictions on service animals where there is a health risk. SRMC notes that Day is a long-standing patient and has been treated at the hospital on numerous occasions, both on an inpatient and outpatient basis. SRMC asserts that Day's service animal was allowed to accompany her into the Emergency Department treatment rooms on numerous occasions. However, the service dog was not allowed into the treatment room on July 26, 2006, because the animal was "extremely unclean" and Plaintiff had been asked in the past to address the animal's cleanliness.

## II. STANDARD OF REVIEW

In evaluating the Amended Complaint under Rule 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Craighead v. E.F. Hutton

2

& Co., 899 F.2d 485, 489 (6th Cir. 1990). The Court should not dismiss the Amended Complaint unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of her claims that would entitle her to relief. See id.

Generally, when ruling on a Motion to Dismiss, a Court is limited to looking solely at the allegations of the complaint. The Court may nevertheless consider a document where the document is referred to in the complaint and is central to Plaintiff's claim. See Greenburg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999); Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997). The reason for this rule is that "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Weiner, 108 F.3d at 89.

### III. APPLICATION OF LAW

The public accommodations and services section of Title III of the ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. "The statute prohibits owners of places of public accommodations from 'denying the disabled access to the good or service and from interfering with the disabled's full and equal enjoyment of the goods and services offered.'" Gonzales v. H.E. Butt Grocery Co., 226 Fed. Appx. 342, 344 (5th Cir. 2007)(citation omitted).

To state a *prima facie* case of disability discrimination under Title III of the ADA, a plaintiff must show that (1) she is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) she was denied full and equal treatment because of her disability. See, Molski v. M.J. Cable, Inc., 481 F.3d 724, 730

3

(9th Cir. 2007); Meshon v. St. Louis Univ., 442 F.3d 1069, 1077 (8th Cir. 2006); 42 U.S.C. §§ 12182(a) - (b). Discrimination under Title III is defined to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). The implementing regulation contains specific provisions for service animals and provides "[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. 36.302©.

Given the standards governing a Motion to Dismiss, it is clear that Day has stated a claim upon which relief can be granted under the ADA. She alleges that she is disabled in several respects, including blindness, a mobility disability, and a seizure disorder. She also alleges (and SRMC does not deny) that SRMC is a private entity operating a public facility. She further alleges that she was denied full and equal treatment when her service dog was not allowed to accompany her into the emergency examination room on July 26, 2006.

In moving to dismiss, SRMC asserts that the regulation relating to service animals speaks in general terms and "does not expressly create an absolute right of universal access for all service animals." (Docket Entry No. 9 at 3). SRMC also notes that public accommodations may impose necessary and legitimate safety requirements and it was based on such concerns that SRMC denied the service dog's entry into the treatment room on July 26, 2006.

It is clear that, under the ADA, a place of public accommodation may impose restrictions where those restrictions are premised on an assessment of "actual risks and not on mere speculation,

4

stereotypes or generalizations about individuals with disabilities." 28 C.F.R. 36.301(b). Further, it has been held that with respect to guide animals, a public entity may consider whether the animal poses a "direct threat" which is defined as "'a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services.'" Lockett v. Catalina Channel Express, Inc., 496 F.3d 1061, 1065 n. 4 (9th Cir. 2007) quoting 28 C.F.R. § 36.208. In determining the existence of a "direct threat," a "place of public accommodation must not base its calculus on stereotypes or generalizations about the effects of a disability but rather must make 'an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence.'" Montalvo v. Radcliffe, 167 F.3d 873, 877 (4th Cir.1999) quoting 28 C.F.R. § 36.208©. This assessment must consider the nature, duration, and severity of the risk. 28 C.F.R. § 36.208.

In this case, the Court cannot hold, as a matter of law, that allowing Day's service animal into the treatment area posed an actual risk or direct threat to health or safety. After all, the record suggests that the service animal was allowed into the treatment area on numerous other occasions. While SRMC suggests that the animal was not allowed into the treatment area on the day in question because of concerns of cleanliness, that is an issue which has not been developed given that the matter is pending before the Court on a Motion to Dismiss.

In this regard, SRMC's extensive reliance at this juncture on Poor v. Riverside Health Serv. Inc., 1995 WL 519129 (D. Kan. 1995) which upheld a hospital's refusal to allow a service dog into the emergency medical department is misplaced. That opinion was decided in the context of a motion for summary judgment after the facts had been developed. In fact, in granting the motion for summary judgment, the court cited to the record which included "testimony of a physician that

5

the animal control requirements are necessary to serve specific interests," including "'infection control, cross-exposure, allergic reactions, patient dignity and confidentiality, unpredictable behavior of the patient and the animal, and provisions for space necessary to accommodate the medical personnel and equipment to accomplish the treatment procedures." Id. at *4 (citation omitted). While SRMC may have the same concerns, that is a determination the Court is unable to make at this juncture.

SRMC also argues Day lacks standing and that she does not present a case or controversy for this Court to resolve in regard to her request for injunctive relief. SRMC asserts that the animal in question is now deceased and Day has not shown that she would suffer the same fate were she to return to the emergency room for treatment.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The enforcement provision for Title III of the ADA is contained in 42 U.S.C. § 2000a-3(a) which provides that an "aggrieved party" may bring an action for injunctive relief "whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by [the ADA]." This phrase has been described as requiring "some ongoing harm (or, at least, a colorable threat of future harm.)" Dudley v. Hannaford Bros. Co., 333 F.3d 299, 304 (1st Cir. 2003). "Otherwise an injunction would be pointless." Id.

In this case, a fair reading of the Amended Complaint suggests that Day is claiming ongoing harm or the "colorable threat of future harm." She alleges that while she has used SRMC for emergency treatment in the past she has not returned since the incident on July 26, 2006 because she is "fearful about returning when assisted by a service animal." (Amended Complaint ¶ 30). Plaintiff

6

also alleges that she is in the process of obtaining a new service animal and that because of her chronic health conditions she is likely to have no choice but to return to SRMC's Emergency Department in the future. (Id. ¶¶ 31-33). Day also claims that she has asked SRMC to repeal portions of its service animal policy in regard to the Emergency Department and its requirement that the service animal have a "clean bill of health," but SRMC has refused to change its policy. (Id. at ¶¶ 34-35). These allegations are sufficient to confer standing since they suggest reasonable grounds for believing SRMC is going to continue to engage in an act or practice with regard to Day which is alleged to be in violation of the ADA.

## IV. CONCLUSION

On the basis of the foregoing, Defendant Sumner Regional Health Systems, Inc.'s "Motion to Dismiss" (Docket Entry No. 8) will be denied. An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE